Henderson, Chief-Justice.
 

 I think that the presiding Judge was right in all bis positions; first, as to the want of an issue between the Plaintiff and the Defendant
 
 Mooring.
 
 When the latter, upon his own motion, was made Defendant after issue joined between the Plaintiff and the other Defendant, and offered no new or additional plea, he very clearly adopted her defence and her pleas. Secondly, as to the advice, which the Defendant called on the Court to give to the jury, that the lessor of the Plaintiff took no estate by his deed from the. Sheriff, I also think that the Judge was right. For as to the widow of Brenon» who it is admitted continued the possession of her husband as his widow, and showed no other estate, she was estopped to say, that nothing passed by the Sheriff’s deed. Her husband, whose possession she continued, being Defendant in the execution, would have been estop-ped to make such allegation, had he been alive, and what is an estoppel upon him is equally so upon her. The Defendant
 
 Mooring
 
 coming in on liis own motion, and never having been in the actual possession, mnst be taken as
 
 *176
 
 defending her possession upon her title, he neither show* ing, nor attempting to show title or possession in hhn-self. The decision of the old Supreme Court, in the case of
 
 Alberton
 
 v.
 
 Redding,
 
 (1
 
 Law Repos. 274,)
 
 that the Plaintiff must show the Defendant, is in possession, notwithstanding the Defendant enters generally into the common rule, I think docs not govern this case. There the Defendant is called into Court by the Plaintiff, and upon the Plaintiff’s allegation that he is in possession. Here the Defendant, of his own motion and free will, comes in, and admits himself in possession with the Defendant already in Court, and who is shown to be in possession. In this case, the Defendant
 
 Mooring
 
 would not be entitled to a verdict, if it was shown on his part, that he never was in possession. Much less is the Plaintiff bound to prove it.
 

 So far as regards the Plaintiff’s deed, passing the estate by estoppel, against the Defendant in the execution, it has long been considered the law in this state, both in this Court and on the Circuits, although formerly it was held
 
 otherwise;
 
 and that the widow continuing her husband’s possession as widow, and showing no title,
 
 is
 
 bound by the estoppel of her husband, was ruled in the case of
 
 Bufferlow
 
 v.
 
 Newsom, (ante
 
 1
 
 vol.
 
 208,) in this Court. .
 

 Per Curiam. — Let the judgment be affirmed.