Gaston, j.
 

 The plaintiff undertook to deduce a title in the premises to his lessor, under n purchase and conveyance from the Sheriff. The execution, under which the Sheriff sold, was-a
 
 vendifióni euforias,
 
 purporting to have been issued from the County Court, and commanding the Sheriff to expose lósale,- “the land of Noah Blanchard, joining H. Blackmore and others,” which land, the execution recited, had geen theretofore levied on by a constable, by virtue of judgment against the said Noah, in favor of Reuben Blanchard, and which levy had been' returned to court and confirmed, and an order of safe thereon made. It does not appear that the order of court was exhibited,- but the plaintiff gave in evidence a writ of
 
 fieri facias
 
 issued by a justice in favor of Reuben Blanchard against Noah Blanchard, a return thereon by the constable¿ of a levy on the land of Noah Blanchard, “joining the lands of H. Blackmore, Reuben Blauchard, and others,” and a notification from the constable to the said Noah, of the levy aforesaid, that it would be returned to the court, and that the said court would be moved for an order of sale thereon. The plain tiff ’also gave in evidence a judgment before the'justice, which he-alleged to be that whereon the
 
 fieri facias
 
 was sued out, but the same
 
 *107
 
 was a judgment rendered for William McCurdy, against the said Noah. Upon this evidence the court was of opinion that the plaintiff had not made out a title in his lessor, and, the plaintiff thereupon submitted to a nonsuit.
 

 We see no error in the opinion expressed. Both the objections made below to the title, appear to us to be well founded.
 

 A
 
 venditioni exponas
 
 confers no original authority on the officer to make the debt recovered. It js but an order to carry out into final effect, by a sale, a levy previously made; and if
 
 that levy
 
 be not valid, the sale under the
 
 venditioni
 
 transfers no title. If a valid levy has been made on
 
 chattels,
 
 the Sheriff may, after the return of the
 
 fieri facias,
 
 sell without a
 
 venditioni,
 
 because by the seizure he has acquired a property in the chattels, for the purpose of satisfying the creditor. If the levy has been made on land, he cannot, after the return of the
 
 fieri facias,
 
 sell without a
 
 venditioni,
 
 because with us, by such a levy, the land is not
 
 seized
 
 by the.Sheriff, but only
 
 set apart
 
 for the satisfaction of the judgment, and the authority of the Sheriff to act under the
 
 fieri facias,
 
 expired by its return. But in each case, it is indispensable for the security of the purchaser, that the thing sold should have been seized orleviedon by virtue of a valid
 
 Ji-fa.
 
 It is also perfectly settled with us, that, however an officer may be protected in rendering obedience to an execu_ tion, although unwarranted by a judgment, because he is not bound to look behind his writ, a purchaser under an execution sale must shew, not only the execution, but a judgment which warrants and sustains it.
 
 Den on dem. of Dobson
 
 v
 
 Murphy,
 
 1 Dev. & Bat. 586. And this doctrine has been explicitly held in cases of levies made by constables returned to Court, and sales under writs of
 
 venditioni
 
 there awarded.
 
 Ingram
 
 v
 
 Kirby, 2
 
 Dev. & Bat. 21. Now it cannot be pretended, that an execution in favor of B. is warranted by a judgment rendered in favor of A.
 

 The levy too, as returned, does not conform to the provisions of the law. The law requires that it shall set forth
 
 *108
 
 what land the constable has levied on,
 
 “
 
 where
 
 situate, on
 
 what watercourse, and whose lands it is adjoining.” Rev. Stat. c. 62, s. 16. In construing this enactment we have held, that whenever the levy returned departs from the terms of description prescribed in the Statute, the
 
 onus
 
 is thrown on the purchaser of shewing, by extrinsic evidence, that the return do.es as completely identify the land, as it would have been identified by a literal observance of the Statute.
 
 Huggins
 
 v
 
 Ketchum,
 
 4 Dev.
 
 &
 
 Bat. Rep. 414.
 
 Smith
 
 v
 
 Low, 2
 
 Ired. Rep. 457. No extrinsic evidence in this case was offered to establish this identity. The judgment of the Superior Court is affirmed with costs.
 

 Per CmsjArvj, Judgment affirmed.