Ruffin, C. J.
 

 If the defendant were a mere stranger and a wrong doer, as supposed by the Judge below, it cannot be held in this State, that ejectment can be maintained upon a naked possession, once had, when there is no presumption of a conveyance of the legal title, but it appears affirmatively to be in another person.
 
 Allen
 
 v
 
 Riving ton,
 
 2 Saund. 111, Serg’t Williams’ note a.
 
 Sheppard
 
 v
 
 Sheppard,
 
 No. Ca. Term Rep. 108.
 

 But the defendant is not a stranger. It has
 
 long been
 
 held, that, as against the defendant in the execution, the purchaser need shew only the judgment, execution, sale and sheriff’s deed.
 
 Murphey
 
 v
 
 Barnett,
 
 1 Car. Law Rep. 106.
 
 Gorham v Brenon, 2
 
 Dev. 174. Such is the .case when the purchaser brings ejectment against the defendant in execution; and it proceeds upon the principle, that whatever the debtor had passed under the execution sale, and that, as it had been sold for his debts, he ought not, for the purpose of defeating the purchaser, to say he had nothing in the premises. That principle is equally applicable to an action, brought against the purchaser by the defendant in the execution. If the debtor had any estate, the purchaser, of
 
 *319
 
 course, acquired it, aud for that reason is entitled' to If the debtor had no estate in the land, then that person cannot maintain ejectment; for in that action the plaintiff must recover upon the strength of his own title, cither as being, in itself, good against all the world, or good, by way of estop-pel, against the defendant. Here it is admitted, that the lessor of the plaintiff had'not the title; and it is equally clear that there is nothing to raise an estoppel in her favor. In fine the action rests upon two inconsistent propositions : that nothing passed to the purchaser, because the lessor of the plaintiff had nothing in the premises ; and yet, that she had an interest and estate at the sale, and, notwithstanding the' •salé, still has, which entitles herto recover.
 

 Rer, Curiam. Judgment reversed and'new." trial a-warded..