Pearson, J.
 

 Tlie description, “ a piece'of the Abraham Moore tract of land,” standing by itself, would certainly be too vague and uncertain; but the deed contains this further description,
 
 “
 
 that belongs to the heirs of Zachariah Peak, deceased, lying and being in the County of Macon, State of North Carolina, on the Elijah Creek, and its waters in district eleven,” and in another place, “ as we inherited it at the death of Zachariah Peak, as heirs of him.” Putting these together it makes this description: That piece of the Abraham Moore tract of land in Macon County, on the Elijah Creek, and its waters in district eleven, which belonged to Zachariah Peak and descended to us as his heirs. This makes the description sufficiently certain. Parol evidence may then be resorted to, for the purpose of identifying the particular piece of land that answers this description; or, as is said in
 
 President of the Peaf and Dumb Institute
 
 v.
 
 Norwood,
 
 Busb. Eq. 65, of
 
 “
 
 fitting the description to the thing.” The doctrine is so fully discussed in that case, as to save us the trouble of again elaborating it. Accordingly we have this evidence: a piece of five or six acres of the Abraham Moore tract, which is identified, descended to the heirs of Zachariah Peak, who were the defendants and others. The heirs took possession, and after the execution of the deed, put the plaintiff in possession of this five or six acres, as the piece of the Abraham Moore tract, that was described in the deed. This removes all ambiguity whatever.
 

 Upon the second point made,, we also concur with his Hon- or. The idea that the warranty does not embrace any land except such as the bargainors had good title to, makes the insertion of it ridiculous and absurd. The proper construction of the words “ warrant and defend the right, title and interest that we had in the above mentioned land,” • &c.,
 
 “
 
 clear and free from the claim of all persons whatever, &c., as we inherited it,” &c., is that the warranty as well as the conveyance of
 
 *523
 
 the defendants, who were only a portion of the heirs, was to extend only to their eighth part, and was not to- extend to the whole tract. Such would have been the construction without those words; but the deed is inartificially drawn, and they were inserted out of abundance of caution.
 

 Per Curiam.
 

 Judgment affirmed.