B. M. ISLER *vs.* HARRIET M. DEWEY, Guardian, &c., and others.

Where a deed of trust was attacked for fraud, and the trustor was offered as a witness, to prove that there was an agreement between him and the trustee, that the latter should hold the property conveyed until the trustor should be able to pay the debts secured from other sources ; *Held* that the evidence should be permitted to go to the jury for what it was worth.

In such case, the trustee *having died* and the property having been conveyed by a substituted trustee to the defendants, the trustor is not excluded by sec. 343, C. C. P., from being a witness for the plaintiff, who also claimed title through him.

Sec. 343 of the Code (in relation to the examination of parties as witness) analyzed.

CIVIL ACTION, for the recovery of ¡1,500 acres of land, tried before *Clarke, J.,* at January (Special) Term, 1872, of the Superior Court of WAYNE.

The opinion of the Court contains a sufficient statement of the case.

*S. M. Isler,* for the plaintiff.
*Smith & Strong,* for the defendants.

RODMAN, J. The land in controversy belonged to one Smith. The plaintiff was a creditor of Smith, by bond, dated April, 1866, upon which a judgment was recovered at February Term, 1867, (being the 18th of February) of Wayne County Court. Execution issued, under which the land was sold and the plaintiff became the purchaser.

The defendants defended under a deed executed by Smith to Richard Washington, on the 12th February, 1867, in trust, to secure certain debts, with a power to sell in the event of non-payment. Washington died in a few weeks after the date

of the deed, without having sold.  By decree of the Court of Equity for Wayne, Morrisey was substituted as trustee.

Certain issues were submitted to a jury, whose finding it is not necessary, particularly, to notice.  The Judge properly regarded it as a finding for the defendants, and gave judgment accordingly.

The plaintiff contended that the deed to Washington was fraudulent and void in law, as to the creditors of Smith, and requested the Judge to charge:

1. That because defendants had not read in evidence any deed to them, plaintiff was entitled to recover.

This was properly refused.  Every plaintiff in ejectment must recover on the strength of his own title.

2. That the deed to Washington was fraudulent on its face.

We think this, also, was properly refused.

3. If not fraudulent on its face, the fact that Smith owed a debt not secured in the deed, and that the deed was made just a few days before the plaintiff's judgment was recovered, and that it conveyed all Smith's tangible property, he owning other property; and that the proceeds of the property, after paying the secured debts, was to be paid to him or his executors, raised a presumption of fraud which was not rebutted by the evidence for the defendants.

The circumstances relied on may possibly have been fit to go to the jury to be considered in making up their verdict on the question of fraud, and the plaintiff had the benefit of them in that way.  But the Judge had no right to express any opinion as to their weight, compared with the evidence for the defendants.

4. That the deed was fraudulent because the nominal consideration of one dollar, recited as paid, was not, in fact, paid.

This was properly refused.  None of these propositions can be maintained, and they do not need any discussion in this Court.

The only exception of the plaintiff that requires notice relates to the exclusion of the testimony of Smith. The plaintiff proposed to prove by him, " that the understanding and agreement between him and Washington, at the time the deed was executed, was that Washington should hold the land and other property therein conveyed, for Smith, until he should be able to pay the debts from other sources."

The offer raised two questions:

1. Whether the proposed evidence tended to prove the deed fraudulent.

2. Whether, considering the nature of the evidence and Washington's subsequent death, Smith was a competent witness.

*As to the first question:*

In a question of fraud, considerable latitude is allowed in the evidence. Without considering critically the terms in which the proposed evidence is stated, and without at all estimating what weight it ought to have had, if allowed, we think it ought to have been allowed to go to the jury, with proper observations from the Judge, to pass for what it might be worth.

*As to the second question:*

The answer to that depends on the meaning of section 343 C. C. P. If we break that section into paragraphs and abbreviate it by omitting all that is not material to the question, it reads as follows;

1. Parties may be examined as witnesses:

2. *Provided,* That no party, nor any person who, previous to his examination, has had an interest which may be affected by the event of the action, nor any assignor of any thing in controversy in the action,

3. Shall be examined in regard to any transaction or communication between such witness and a person at the time of such examination deceased, &c.,

4. As a witness, against a party *then prosecuting or defending the action as assignee of such deceased person.*

In this case, Smith certainly comes under the literal words of the description in paragraph 2, above. But if we were compelled to put a construction on these words, we should be inclined to hold that it was intended to embrace only persons who, at the time of examination, still retained some interest in the event of the action. Any other construction would make a statute, professedly for the removal of the incompetency of witnesses, the means of introducing new incompetencies, unknown to the common law and opposed to its principles. Moreover, it is a rule of construction, that an exception to a grant must be of a part of the thing granted. Here the first paragraph admits parties generally, and it would seem incongruous to except from its operation persons not parties, and having no existing interest. But it is not necessary to decide this question, and we express no opinion on it.

We think the defendants do not come within the description in paragraph 4. They are not defending the action as assignees of Washington. It will suffice for them to show a title outstanding in Washington or his heirs, or any one else, without connecting themselves with it.

We think that Smith was not incompetent as a witness and the judgment must be reversed.

PER CURIAM.                              *Venire de novo.*