The appeal was taken by defendants, for alleged error on the (540) part of his Honor in admitting certain evidence. All the facts necessary to an understanding of the point decided, are stated in the opinion of the Court.
This was an action of trover begun in February, 1868, for the conversion of certain personal property, sold by the defendant Masten, as sheriff, on the 12th of February, 1868, under executions upon Justice's judgment against Isaac Lester.
The plaintiff claimed under a sale to him by Lester of 25th of January, 1868, and a bill of sale of 29th of January, 1868. The defence was that the sale was fraudulent as to the creditors of Lester.
The jury, under the charge of the Judge, found a verdict for the defendants.
The only exceptions are by the plaintiff by reason of the (541) admission of certain evidence.
The evidence objected to and received, was all of the same general character, and the same principle applies to all of it. It consisted of acts and declarations of Lester, after his sale to plaintiff and before the sale by the sheriff, upon and with respect to the property in question, done and made in the absence of the plaintiff, but while Lester was in the possession and control of the property, with the knowledge and acquiesence [acquiescence] of the plaintiff. It is certainly the general law that the acts and declarations of a vendor after the sale, and after he has parted with the possession of property, are not evidence against his vendee to prove the sale fraudulent.
It is equally clear that possession held by the vendor after the sale, with the consent or acquiesence [acquiescence] of the vendee, is evidence more or less strong, according to the circumstances that the sale was fraudulent. Twine's case, 1 Smith's L. C. 2 notes.
This being so, it must follow that the acts and declarations of the *Page 438 
vendor while in possession, are competent both to prove the fact of possession and control, and to quality the extent and purpose of the possession. They are part of the res gestae. The plaintiff cannot justly complain of this, because having left the vendor in possession, he has left it a question whether the possession was retained by the vendor for his own benefit or not, which must be determined by the circumstances, of which the acts and declarations of the vendor respecting the property are part.
We concur with the Judge that the evidence was competent.
PER CURIAM. Judgment affirmed.
Yates v. Yates, 76 N.C. 147; Gidney v. Logan, 79 N.C. 217; Hilliard v.Phillips, 81 N.C. 104; Nelson v. Whitfield, 82 N.C. 51; Gadsby v. Dyer,91 N.C. 315; Shaffer v. Gaynor, 117 N.C. 24; Bank v. Levy, 138 N.C. 278;Bivings v. Gosnell, 141 N.C. 343; Clary v. Hatton, 152 N.C. 110.