The plaintiff claimed the land in dispute under a sheriff's (546) deed, and on the trial showed a judgment against the defendant and in favor of one Jeremiah Holt, obtained at the December Term, 1861, of the late Court of Pleas and Quarter Sessions, for $150. He also showed a fi. fa. issued upon said judgment and returned by the sheriff of Alamance county, levied upon the land in question, and also a venditioni exponas, issued to the sheriff, commanding him to sell the said land in accordance with the said levy. Plaintiff then exhibited a deed from the sheriff conveying to him the land sold, in which conveyance was recited the judgment fi. fa. and ven. ex., and also *Page 442 
the sale of said land under the ven. ex., on a certain day, at which sale one J. G. Moore became the purchaser, and assigned his bid to the plaintiff.
The defendant objected to the introduction of this deed as evidence, for the reason that upon the ven. ex. was the following endorsement (in pencil): "J. G. Moore, $120," and in ink, "no sale for want of compliance." His Honor held that the indorsement was immaterial and incompetent. Defendant excepted.
The defendant then offered to introduce W. J. Murray, a former deputy sheriff of said county, who made the levy and sale, to contradict the recital in the deed, and also to prove that Moore failed to comply with the terms of the sale by paying the money; that he made the return of no sale upon the ven. ex. and returned it to the Clerk on the 20th October, 1869; that the assignment of his bid by Moore was not made until 1871; that the plaintiff agreed to pay the judgment of Holt, if the sheriff would execute to him a deed to defendant's land; (547) and that in pursuance of such agreement, the sheriff executed the deed offered in evidence. That at the time of the execution of said deed, the sheriff had no other process in his hands against the defendant, and had none since the return of the ven. ex. mentioned before.
Plaintiff objected to the introduction of this evidence; objection sustained, and defendant again excepted.
Verdict and judgment for the plaintiff. Appeal by the defendant.
I. A plaintiff in ejectment can only recover upon his own good title.Duncan v. Duncan, 25 N.C. 317.
II. The purchaser at an execution sale must show the judgment, execution, sale, and sheriff's deed, as against the defendant in the execution. Duncan v. Duncan, 25 N.C. 317.
A sale is one of the necessary component parts of the title; videBlanchard v. Blanchard, 25 N.C. 105; Dobson v. Murphy, 18 N.C. 586;Festerman v. Poe, 19 N.C. 103; Davidson v. Forest 14 N.C. 1; Huggins v.Ketchum, 20 N.C. 550; Jennings v. Stafford, 23 N.C. 404.
The simple production of judgment, fi. fa. and ven. ex., does not authorize the showing of a deed unless a sale is also shown, more especially is this the case where the return on the ven. ex., shows that there was no sale.
One claiming to be a purchaser at a sheriff's sale who, by his own evidence, shows there was no sale, certainly should not recover. *Page 443 
Parol evidence, as between parties and privies, is not admissible to alter, contradict or vary a written instrument; but between a party and a stranger this is different. Bac. Ab., 3, p. 616.
Parol evidence is admissible to ascertain a fact collateral to the written instrument. Rex v. Lainden, 8 T. R., 379; Brooks v. Metcalf, 2 Mep., 283 Bac. Ab., 3 616. (548)
The recital in a sheriff's deed is not an essential part, it affirms no fact, and will not amount to an estoppel. DANIEL, J., arguendo, in Hugginsv. Ketchum, 20 N.C. 414; Hardin v. Cheek, 48 N.C. 135; Bryan v. Hubbs,69 N.C. 423; Knight v. Leake, 19 N.C. 133.
In ejectment for land purchased at a sheriff's sale, under execution, the plaintiff need show as against the defendant in the execution only, 1st, a judgment, 2d, an execution giving the sheriff authority to sell, and 3d, the sheriff's deed. Thompson v. Hodges, 7 N.C. 546.
The deed is good to pass the title as against the defendant in the execution notwithstanding the sheriff's return; for the purchaser's title is not dependent upon any special return the sheriff may make on the execution. Smith v. Kelly, 7 N.C. 507. See also Hatton v. Dew, 7 N.C. 260;Gorham v. Brenon, 13 N.C. 174.
The sheriff's return is immaterial and cannot affect the right of the plaintiff.
It appears that the property of defendant, subject to the satisfaction of a judgment against him, went to the satisfaction thereof, therefore defendant suffered no injustice.
The defendant, in his answer, having made a general denial, he could not introduce parol testimony to explain or contradict the deed, he should have owned fraud or mistake in the deed.
The sheriff's return in this case shows there was a sale.
The deed of the sheriff, dated 5th January, 1870, recites that the land was sold at public sale, on the 4th of September, 1869, when J. G. Moore became the last and highest bidder, at $250, "who then and there assigned his bid to Robert Maynard," the plaintiff, to whom the sheriff executes the deed on payment of the sum bid. (549)
The defendant objected to the introduction of the deed as evidence, for the reason that upon the ven. ex. is the following endorsement, in pencil, "$120," and in ink, "No sale for want of compliance." His Honor held that the endorsement was immaterial and incompetent. *Page 444 
We concur with his Honor, that the deed was competent evidence, notwithstanding the endorsement on the ven. ex. Surely, a question of title
is not to be disposed of on a question in regard to the competency of evidence, by reason of an objection collateral to the title.
We do not concur in the position taken by the counsel of the defendant, that the return "no sale for want of compliance," is proof that there wasno sale. On the contrary, we look upon it as a "negative pregnant," (as the books term it.) It affirms there was a sale, under the writ of ven. ex., but that the sheriff had made his election to abandon the contract of sale, because the bidder had failed to comply with the terms. But the evidence was material and competent, in order to present several questions in regard to the merits of the case. Was this evidence of an election on the part of the sheriff to abandon the contract of sale, conclusive and peremptory? or did the sheriff have a locus penitentiae, so that he had power to change his purpose, and to receive the money from the plaintiff, as assignee of the bidder, and execute a deed for the land?
This would lead to a further question if the deed of the sheriff be inoperative, inasmuch as the plaintiff has discharged the debt, is he not substituted to the rights of the creditor, so as to have an equity to charge the land with the amount of the judgment which he had paid and also to the excess of the price, provided the sheriff has paid such excess over to the defendant.
Or is the act of the plaintiff, in paying the money and discharging the execution to be deemed so entirely efficacious as to leave him without remedy? Can the defendant, with a good conscience, keep the land, and take the benefit of having his debt paid off by the (550) plaintiff?
These questions were all cut off by the exclusion of the evidence as to the endorsements upon the venditioni exponas. We are of opinion his Honor erred in rejecting this evidence.
Judgment reversed.
PER CURIAM. Venire de novo.
Sc 76 N.C. 160. *Page 445