J. W. GIDNEY, Trustee, v. B. F. LOGAN and others.

*Deed of Trust—Competency of Witness—Evidence—Declarations of Trustor—Issues—Judge's Charge.*

1. In an action involving the validity of a deed of trust, where the trustor is dead and *his estate insolvent*, the son of the trustor is a competent witness as to his declarations concerning the trust; the disqualification of the son under C. C. P. § 343 is removed by the insolvency of his father's estate.

2. The declarations of a trustor at the time of making the deed and just prior thereto and in contemplation thereof, are admissible in evidence; and also his declarations after the deed and while the property was in his possession are admissible to prove and qualify the fact and purpose of such possession.

3. On the trial of an action involving the validity of a deed of trust only as to certain personal property therein conveyed, when the deed included both real and personal property; *It was held* to be error to submit to the jury an issue as to its validity in regard to the real estate.

5. In such case, the Court below should have excluded from its charge to the jury, all consideration of any provision in the deed affecting the real estate.

(*Carraway* v. *Cox*, 8 Ire. 79; *Kirby* v. *Masten*, 70 N. C. 540, cited and and approved.)

CIVIL ACTION, removed from Cleaveland and tried at Spring Term, 1878, of GASTON Superior Court, before *Cox, J.*

The plaintiff alleged that he was in possession of a stock of goods by virtue of a deed of trust executed to him by James W. Ware for the benefit of his creditors, and that he was endeavoring to carry out the purposes of the trust in good faith; that said goods so possessed by him were wrongfully seized by the defendants and converted to their own use. The plaintiff claimed damages for the alleged trespass. The defendants answered that said possession was by virtue of a pretended assignment of said Ware, who was largely

indebted to them; and that said assignment was made for his benefit and to defraud his creditors; that defendant Logan at the time of the alleged seizure was sheriff of Cleaveland county, and took possession of the goods by virtue of executions issued upon judgments obtained against said Ware.

The said deed of trust conveyed both real and personal property, and the following issues were submitted to the jury and found in favor of the defendants:—1. Was the deed fraudulent as to the real estate? 2. Was it fraudulent as to the personal estate? 3. What was the value of the personal property at the time of the alleged seizure? 4. What damage, if any, has the plaintiff sustained?

The defendants introduced as a witness, John Ware, the son of said James Ware, and proposed to prove by him the declarations of his father previous to the execution of the deed and in contemplation thereof, and at the time of execution and while in possession of the property in controversy. The plaintiff objected to the evidence, for that, the witness was interested in the event of the action—his father being dead; upon a preliminary examination, however, he stated that he was not a party to the suit and had no interest therein; that his father's estate was insolvent, &c.; the exception was overruled and the witness testified, among other things, that on the day the deed was made, his father told him he was advised to make it to enable him to keep off the executions, and sell his property and pay his debts; that he was to attend to the store for fifteen months and pay the amount received to the trustee.

A. B. Ware was then examined by defendants as to the declarations of the trustor while in possession of the property, and testified (the plaintiff objecting) that he was a son of the trustor; that his father said by keeping the store for fifteen months he would be able to compromise his debts

IN THE SUPREME COURT.

and save something for himself. Judgment for defendants. Appeal by plaintiff.

*Messrs. Jones & Johnston, J. F. Hoke* and *J. W. Hinsdale*, for plaintiff.
*Messrs. Wilson & Son*, for defendants.

FAIRCLOTH, J. 1. Is John Ware, son, heir at law and distributee of the trustor, a competent witness for the creditor to impeach the deed after his father's death, it being established that the estate of his father, the trustor, is insolvent ? At common law one who had a direct legal interest in the event of a suit was thereby disqualified as a witness on the side of his interest. Under this rule, a child whilst his father is living is a competent witness on either side in regard to his father's estate, because his interest therein is a mere expectancy, and could not be enforced in a Court of Law or Equity. But upon the father's death, the child as an heir at law, distributee, or devisee after the will is established, has a certain vested interest, and is incompetent to testify on the side of his interest in any action affecting such estate. By our statute, however, no person offered as a witness shall be excluded by reason of his interest in the event of the action, C. C. P. § 342, except by the proviso in § 343, which disqualifies any person who has a "legal or equitable interest" which may be affected by the event of the action, from testifying in regard to any transaction with a person then deceased, &c. Under this provision, the son after his father's death would be incompetent, and would in the present case be excluded, but for the fact that his father's estate is insolvent. This we think removes the disqualification which would otherwise exist. The controversy is between creditors claiming through the trustee and creditors claiming under judgment and execution; and as between them the children of the deceased debtor are pre-

sumed to be indifferent. There is nothing for them in any event of the action. They are not interested, and if they were, it seems from the facts they are equally interested on both sides and therefore stand indifferent, and in that view would be competent. *Carraway* v. *Cox*, 8 Ire. 79. This exception is therefore overruled.

2. The declarations of the trustor were offered by defendant and admitted by the Court, to which plaintiff excepted. His declarations at the time of making the deed and just prior thereto and in contemplation thereof, could not be seriously objected to. It is well settled that a vendor's declarations made after the sale and after he has parted with the possession of the property are not evidence against his vendee to establish fraud in the sale. It is also clear that possession of the property after the sale by the vendor, retained by consent of the vendee, is a circumstance to be considered by the jury on a question of fraud, and that the declarations and acts of the vendor whilst so in possession are competent to prove and qualify the fact and purpose of the possession. *Kirby* v. *Masten*, 70 N. C., 540. These declarations were properly admitted, and this exception is overruled.

3. The other exception was to the charge of His Honor to the jury, which in the main was correct. We are, however, of opinion that the manner in which the case was submitted to the jury, coupled with a portion of the charge, was well calculated to confuse and mislead the jury in making up their verdict. Nothing is in dispute in this action except the personal property conveyed in the deed, and nothing else should have been left to the jury, and yet two distinct issues,—one in regard to the realty and one in regard to the personal property,—were submitted to, and passed on by them, and the charge of His Honor was addressed as much to the one issue as the other.

Assuming, for the sake of the discussion merely, that the

deed was void as to the land on account of the delay provided for, still only one issue should have gone to the jury, and the Court should have instructed them exclusively on the second issue except as to damages, &c. His Honor told the jury that if from all the circumstances and evidence they believed the grantor intended to postpone the sale of his property for fifteen months and thereby gain an advantage for himself or family, then the deed was fraudulent. This applied equally to both kinds of property, and the jury were probably more impressed in regard to the land by this charge, than the other property, because there was such a specific provision in the deed in regard to the land only.

His Honor told the jury that the provision for fifteen months' delay in the sale of the land was *prima facie* fraud in the deed, and that any badge of fraud on the face of the the deed was notice to the grantee of a fraudulent intent on the part of the grantor. This the jury might well refer to both species of property, whereas there was no such provision in regard to the personal property in the deed. His Honor should have pointed his charge, and directed the minds of the jury to the single issue in regard to the property in controversy, and excluded all consideration of any provision in the deed relating to the land. As he did not, and the jury were probably thereby misled, this exception is sustained and a new trial ordered.

Error.

PER CURIAM.                    *Venire de novo.*