SALLY HILLIARD and others v. BRYAN PHILLIPS and others.

*Evidence—Levy—Description in Deed.*

1. Where, upon the trial of an issue of fraud in the sale of land, the fact that the grantor remained in possession after conveying, is competent evidence; any act or declaration of his, characterizing his possession as fraudulent or otherwise, is also competent.

2. A levy, made in 1846 under a justice's execution, which describes the land as lying "on the waters of Tyson Creek, adjoining the lands of Bryant Burroughs and others, containing two hundred acres, more or less," is sufficient under Rev. Code, ch. 62, § 16; and a sheriff's deed which conforms to such description confers, at least, color of title on the purchaser.

3. In such case parol evidence is admissible to fit the description to the land.

(SMITH, C. J., *Dissenting.*)

(*Yates* v. *Yates*, 76 N. C., 142; *Brown* v. *Coble*, *Ibid.*, 391; *Parks* v. *Mason*, 7 Ire., 362; *Blanchard* v. *Blanchard*, 3 Ire., 105 : *Huggins* v. *Ketchum*, 4 Dev. & Bat., 414; *Smith* v. *Low*, 2 Ire., 457; *Moses* v. *Peak*, 3 Jones, 520, cited and approved.)

CIVIL ACTION to recover Land, tried at Spring Term, 1879, of CHATHAM Superior Court, before *Buxton, J.*

The plaintiffs claimed the land in dispute as heirs at law of Ezekiel Hilliard, deceased, and showed title out of the state by a grant to one Charles Shearing, dated October 9th, 1783, and put in evidence a deed from Dennis Phillips to James Hilliard, dated August 22nd, 1835, and one from James Hilliard to their father Ezekiel Hilliard, dated December 2nd, 1841, conveying the same land. There was evidence that James Hilliard and family remained in possession after the execution of the deed to Ezekiel, with the consent of the latter and as his tenant, and that Ezekiel held his notes for rent of the land, and had paid James the purchase money in full.

The defendants conceding that James Hilliard was once owner of the land, claimed that defendant Bryan Phillips had obtained his title thereto, and alleged that the deed from James to his brother Ezekiel was without consideration, fraudulent and void against creditors, and read in evidence a justice's judgment in favor of one Jesse Womble against James Hilliard for seventy-five dollars, with interest from the 8th of October, 1841, which judgment was rendered on the 10th of November, 1846. A levy was made and returned to the county court of Chatham describing the land levied on as follows: "The land of defendant, in the county of Chatham, on the waters of Tyson creek, adjoining the lands of Bryant Burroughs and others, containing two hundred acres, more or less." An order of sale was made at February term, 1847, of said court. A *venditioni*

*exponas* issued returnable to the ensuing term, in which the land is described as above, and under which the said land was sold to Jesse Womble who took the sheriff's deed, dated August 11th, 1847, and the same was duly proved, registered, and put in evidence on the trial of this case, the description of the land conveyed therein conforming to the above levy. The plaintiff objected to the introduction of this deed in evidence even as color of title, for the reason that the description was defective and no land was in fact conveyed by it. The court held that it was not so defective but that it might be helped out by parol proof, overruled the objection, and admitted the evidence, and the plaintiffs excepted. And thereupon the defendants were allowed to prove that James Hilliard lived upon the land at the date of the levy, and owned no other land on Tyson creek, &c.

There was evidence that James Hilliard remained in possession after the execution of the sheriff's deed to Womble, with the consent of Womble and as his tenant, and continued to remain thereon after Womble's death in 1854, by the consent of his widow, and until his (James Hilliard's) death in 1869; and that his family remained there until the defendant Bryan Phillips bought the land of the executor of Womble after the expiration of the widow's life estate in 1876, and took possession. It was also proved that Ezekiel Hilliard never was in actual possession of the land. The deed from Womble's executor to defendant, dated February 15th, 1876, was put in evidence.

The defendants then introduced the deposition of one Archibald Shields, and proposed to read as evidence the following question and answer:

Question.—Did you ever hear James Hilliard say why he conveyed this land to Ezekiel Hilliard?

Answer.—I heard him say that he did it to keep the land from being sold for his debts.

To which the plaintiffs objected, (1) because it was the

declaration of James Hilliard made after his deed of 1841 to Ezekiel the father of plaintiffs, and (2) because it was not made in presence of Ezekiel. There being evidence that James was in possession at the time he made the declaration, the objection was overruled and the evidence admitted. Plaintiffs excepted.

It was also in evidence that previous to making the deed to Ezekiel, James Hilliard consulted his son Joel as to the disposition to be made of the land in order to avoid his creditors, and was advised to place it in the hands of Ezekiel, his brother; that Ezekiel never paid for it, but was holding it to keep James a home.

The plaintiffs asked for the following special instructions :

1. That both parties claiming under James Hilliard, neither party can deny James' title, and as James is estopped by his deed to deny Ezekiel's title, and as defendants claim under James, they are also estopped to deny Ezekiel's title, unless the jury shall find the deed from James to Ezekiel was made for a fraudulent purpose with the knowledge and consent of Ezekiel. This was given.

2. That the deed from James to Ezekiel bearing date 2nd December, 1841, was not fraudulent as to creditors, because there was no creditor in existence at the date of the deed. Refused.

3. That the deed from the sheriff to Womble of 11th August, 1847, was not color of title, and possession under it is not adverse, and no parol testimony can supply the defects of description therein. Refused.

Upon refusal of the last instructions, the court submitted the questions of the identity of the land levied on and conveyed by the sheriff, the existence of creditors of James Hilliard at the date of his deed to Ezekiel, and the intent of the parties to said deed, whether fraudulent or not, to the determination of the jury upon the evidence in the case;

and plaintiffs excepted. Verdict for defendants, judgment, appeal by plaintiffs.

*Mr. John Manning,* for plaintiffs:

As to color of title, see *Tate* v. *Southard,* 3 Hawks., 119; *Dobson* v. *Murphy,* 1 Dev. & Bat., 586; *Com'rs* v. *Duncan,* 1. Jones, 234; *Kron* v. *Hinson,* 8 Jones, 347; *McCormick* v. *McCormick,* 64 N. C., 342. The defect alleged is in the description of the land in the deed, or rather, want of description, and this defect is patent and cannot be aided by proof. *Capps* v. *Holt,* 5 Jones Eq., 153; *Dickens* v. *Barnes,* 79 N. C., 490. Our case is distinguishable from *Phillips* v. *Hooker,* 1 Phil. Eq., 197. Parol proof not admissible in this case, because it would have to perform the double office of making a thing and then fitting the description to it. Whether description is too vague or indefinite, is a question for the court. *Edmundson* v. *Hooks,* 11 Ire., 373; *Carson* v. *Ray,* 7 Jones, 609; *Robeson* v. *Lewis,* 64 N. C., 734. Declarations of grantor not admissible. *Ward* v. *Saunders,* 6 Ire., 382; *Hodges* v. *Spicer,* 79 N. C., 223; *Burbank* v. *Wiley, Ibid.,* 501; *Worthy* v. *Caddell,* 76 N. C., 82.

*Mr. John M. Moring,* for defendants:

The description is a full compliance with the statute, Rev. Code, ch. 62, § 16. *Huggins* v. *Ketchum,* 4 Dev. & Bat., 414; *Smith* v. *Low,* 3 Ire., 105; *Jones* v. *Austin,* 10 Ire., 20; *Ward* v. *Saunders,* 6 Ire., 382. The evidence was admissible to fit the description to the land. *Parks* v. *Mason,* 7 Ire., 362; *Morrisey* v. *Lowe,* 4 Ire., 38. No error in admitting declarations of James Hilliard while in possession. *Kirby* v. *Masten,* 70 N. C., 540; *Yates* v. *Yates,* 76 N. C., 142. *Roulhac* v. *White,* 9 Ire., 63.

ASHE, J. There are but two questions presented in this case, the consideration of which involves and will determine

all the exceptions taken and instructions prayed for on the trial: And they are,

1. Was there error in admitting the declarations of James Hilliard as to the fraudulent character of the deed executed by him to his brother, Ezekiel Hilliard, after its execution and while he was still in possession of the land; and

2. Was there error in admitting parol proof as to the identity of the land in the deed executed by the sheriff to Jesse Womble?

As to the first point: We think it has been settled by the decision of this court in the case of *Yates* v. *Yates*, 76 N. C., 142. It was a case very similar in its facts to this. In that case the defendant offered in proof a written affidavit, made by the vendor of the plaintiff after the execution of the deed by him to plaintiff, that the plaintiff had no deed from him, and if he had, it was a forgery. The plaintiff objected to the reading of the affidavit because it was an *ex parte* statement made by the vendor in the absence of the plaintiff, but the objection was overruled and the evidence admitted, the court assigning as a reason for its ruling that the unchanged and continued possession of the supposed grantor was competent evidence to impeach the supposed deed. *Twine's case,* 1 Smith L. C. And the court proceed to say, " if the fact of possession is competent evidence, any acts or declarations of the possessor must also be competent as characterizing his possession. This has been very often held in cases where the question was whether a prior deed from the possessor had been made in fraud of his creditors. The cases on this point are numerous. I cite the most recent in this court—*Kirby* v. *Masten,* 70 N. C., 540." And it will be seen by reference to this case that it fully sustained the opinion of the court. We therefore hold upon this authority that there was no error in the admission of the evidence.

As to the second point: We hold there was no error. The description of the land in the deed of the sheriff to

Jesse Womble, corresponds with the return of the levy by the constable upon the execution, and it conforms exactly to the requirements of the statute. Rev. Code, ch. 62, § 16. In the case of *Brown* v. *Coble*, 76 N. C., 391, which was an action to recover land that had been sold under a decree in a petition for partition, and the petition described the land as that on which John Brown died, seized and possessed in the county of Guilford, on the waters of "Stinking Quarter," &c., it was held to be sufficient; that the land might be identified by parol evidence. In *Parks* v. *Mason*, 7 Ire., 362; Held the levy is good if it follows the words of the statute, "although it may require extrinsic evidence to identify it, as indeed," said Chief Justice RUFFIN, "may be the case with the most accurate description in a deed." In *Blanchard* v. *Blanchard*, 3 Ire., 105, where the levy did not conform to the terms of the description prescribed in the statute, it was held that the *onus* was thrown on the purchaser of showing by extrinsic evidence that the return does as completely identify the land as it would have been identified by a literal observance of the statute. To the same effect are *Huggins*, v. *Ketchum*, 4 Dev. & Bat., 414, and *Smith* v. *Low*, 2 Ire., 447. And again, in *Moses* v. *Peak*, 3 Jones, 520, which was a deed, and the description of the land was " all our right, &c., that we have in and to certain tracts of land that belong to the heirs of Zachariah Peak, deceased, lying and being in the county of Macon and state of North Carolina, lying on the Elijah creek and its waters in district eleven," the court thought it sufficient to admit extrinsic evidence to fit the description to the thing.

Where the statute describes the terms of description to be used in a levy, and the deed of the sheriff is executed to consummate the sale had by virtue of the levy, we see no reason why the same description in the deed should not be sufficient, and subject to the same rules of evidence in regard to identity. His Honor in the court below very prop-

erly submitted to the jury upon the evidence in the case the question of the identity of the land levied on and conveyed by the sheriff, the existence of creditors of James Hilliard at the date of the deed to Ezekiel Hilliard, and the intent of the parties to said deed, whether fraudulent or not. The jury returned their verdict in favor of defendant, and the judgment of the court was in accordance therewith..

SMITH, C. J. Dissenting.—I do not concur in the opinion of the court as to the admissibility of the declarations of James Hilliard that he made the deed to his brother to prevent the land from being sold for his debts. The declaration does not qualify or explain the possession, nor disparage declarant's title, but is received as evidence of a preexisting fact to impeach the validity and effect of his own act in conveying title. Its incompetency for such purpose, is, in my opinion, fully established by the authorities. 1 Greenl. Ev., §§ 109, 110; *Ward* v. *Saunders,* 6 Ire., 382; *Wise* v. *Wheeler, Ibid.,* 196; *Hodges* v. *Spicer,* 79 N. C., 223; *Burbank* v. *Wiley, 1bid.,* 501. In all these cases, except the first, the declarations of the party in possession who had made the conveyance, were offered as evidence of fraudulent intent, and ruled out. In *Wise* v. *Wheeler,* the declarations were made, as an examination of the record shows, *after* the execution and not before as erroneously stated in the report.

PER CURIAM, no error.                         Affirmed.