## W. F. PERRY v. E. G. JACKSON.

*Section* 343—*Transaction with person deceased.*

Where a witness is incompetent under section 343 of the code, to testify as to a transaction between himself and a person deceased, it is error to receive the witness' testimony of his subsequent unsworn declarations, made to others, in regard to the same transaction.

(*Gidney* v. *Logan*, 79 N. C., 214; *Roberts* v. *Roberts*, 82 N. C., 27; *Isler* v. *Dewey*, 67 N. C., 93; *McCandless* v. *Edwards*, 74 N. C., 301; *Pepper* v. *Broughton*, 80 N. C., 251, cited and approved.)

CIVIL ACTION to recover land tried at Spring Term, 1880, of WAKE Superior Court, before *Gudger, J.*

Verdict and judgment for plaintiff, appeal by defendant.

*Mr. D. G. Fowle,* for plaintiff.
*Messrs. Battle & Mordecai* and *T. M. Argo,* for defendant.

SMITH, C. J.   On April 5th, 1869, in the superior court of Wake, John Pierce, administrator of R. H. Perry, recovered judgment for $158.14 against Willis H. Ray, who then owned the land in dispute, and shortly thereafter caused execution to issue to the sheriff of said county, which was returned with his endorsement, " no property to be found subject to execution, homestead having been laid off."

The cause was entered as of fall term, 1869, on the execution docket, kept in the clerk's office and used as a record of executions issued under the former system of procedure. On March 11th, 1874, the judgment was transferred and entered on the judgment docket No. 2. This docket contains a record of causes determined between the years 1871 and 1875, and a similar preceding docket, No. 1, contains such as were determined after the change in the courts, up to 1871.

A second execution issued on the judgment in August, 1875, with a like result, no action being had under it. On the 3d day of October, 1870, another judgment was recovered against the said Willis H. Ray, for the sum of $315, by W. F. Freeman. On May 1st, 1878, a third execution issued on the first mentioned judgment, and on the 22d day of the same month, one issued also on the latter, both of which were levied ten days thereafter on certain lands of the debtor, particularly describing them, one containing 108 acres, the other 210 acres.

Both tracts were sold under these writs, the larger to the plaintiff for $265, the smaller to one L. Woodliff for $250, and the deeds made by the sheriff to the respective purchasers, that to the plaintiff bearing date July 8th, 1878, the proceeds of which were applied to the satisfaction of the first judgment, while the proceeds of the other sale were paid into the office for the said W. F. Freeman.

In support of the defendant's title, he introduced a deed executed September 15th, 1869, by the said W. H. Ray and his wife to Tyrrell Ray, their son, reciting the consideration of $120, and conveying 109 acres, part of the larger tract, and a deed for the same made May 8th, 1872, by Tyrrell Ray and his wife to the defendant for the sum of $260. The defendant also exhibited a deed for 123 acres, the residue of the tract, executed the 15th of September, 1869, by W. H. Ray and wife to H. R. Chappell, their son-in-law, for the

alleged consideration of $250, and the deed of H. R. Chappell and wife, dated January 5th, 1878, for the same to the defendant for the sum of $1000.

The following issues involving the validity of the deeds under which the defendant derives title, were submitted to the jury:

1. Were the purchases of Tyrrell Ray and of H. R. Chappell made in fraud of the creditors of Willis H. Ray?

2. Did the defendant pay a full and fair price for the land?

3. Did the defendant have notice of the fraud, if any, between the said Tyrrell Ray and H. R. Chappell, and the said Willis H. Ray?

4. What damages, if any, have accrued to the plaintiff since July, 8th, 1878?

The jury responded affirmatively to the first three questions, and, in answer to the last, assessed the damages at $94.75.

The exceptions contained in the record, are to the ruling of the court in the admission of testimony after objection, only one of which, decisive of the appeal, is it necessary to consider.

The plaintiff introduced the said Tyrrell Ray, and proposed to show by him certain transactions between the witness and the said Willis H. Ray, then deceased, in regard to the sale and conveyance of the parcel of land mentioned in the deed of September 15th, 1869, to the former, which evidence the court disallowed, as being excluded by the proviso in section 343 of C. C. P. The plaintiff's counsel then put to the witness the following question: What declaration did you make while in possession of the land conveyed to you, and before making your deed to the defendant, in regard to your title or possession? The question was, after objection from the defendant, held to be admissible, and in answer, the witness stated that he had talked to many per-

sons about the amount he had paid for the land, telling them he had paid only $50, and had told the defendant the same thing, but that he did not mention the Norman debt, due by his father, in the sum of $200, and the fact that the deeds to Chapell and himself were made in consideration of their paying the debt, and that this had been done. The witness added that the defendant paid for the land conveyed to him by the witness in money $260, as stated in the deed, and $65 in articles of personal property, in addition.

The reception of the testimony in the form, is a manifest evasion of the rule which had just been announced and enforced. The witness is not allowed to speak of the facts of a transaction which took place between himself and the deceased in the lifetime of the latter, and of which he had personal knowledge, but his repetition of the facts in conversation with others than the defendant the jury are allowed to hear and act upon as evidence. In other words, the witness is incompetent to testify to the transaction or communication itself, when on oath, while he may testify to his own subsequent unsworn declarations of what transpired or was said and done in the transaction itself. This would be to exclude primary, and admit secondary evidence of a fact. The error is apparent in the very statement of the proposition.

But the declarations of the witness seem to have been received as accompanying his possession, and qualifying and explaining it and the title derived under his father's deed. The declaration of the owner of land made at the time or just before and in contemplation of the execution of his deed therefor, are received as attaching to and disparaging the estate conveyed when known to the grantee, *Gidney* v. *Logan,* 79 N. C., 214, and perhaps in other cases; but they are no more competent to prove an antecedent fact or occurrence than the unsworn declarations of other persons. The declarations admitted here are not of that kind,

nor offered for that purpose. They are offered to prove what sum was in fact paid for the land, that is, the witness' representations to others of what he paid before he parted with his own title. The correct rule, we think, is laid down in the recent case of *Roberts* v. *Roberts*, 82 N. C., 29, and we see no reason for departing from or modifying it. We were somewhat disposed to consider the original transaction as provable by the witness under the ruling in *Isler* v. *Dewey*, 67 N. C., 93, the facts of which are not unlike those of the present case. There, the grantor in a deed of trust to a deceased grantee was called by the plaintiff, whose title had been acquired by a subsequent sale under execution, to prove fraud in the making of the deed, and was allowed to testify, on the ground that no deed from the trustee was needed, and hence no claim set up under him to defeat the action, as the plaintiff could only recover by proving title in himself.

The defendant here does claim under deeds to himself, which if obtained *bona fide* for value, and without notice of an infirmity in the title, protect him against the plantiff's claim, even though fraud was conceived, and enters into the preceding conveyance of the debtor, Willis H. Ray. The present case then falls within, and is governed by the principles decided in *McCanles* v. *Edwards*, 74 N. C., 301, and reaffirmed in *Pepper* v. *Broughton*, 80 N. C., 251.

The case is not complicated with any homestead claim, and in its consideration such claim is left entirely out of view.

The evidence was inadmissible as a declaration of what occurred in the conversation, even though the witness be not personally disabled to testify to facts within his knowledge, and there must be a new trial. It is so adjudged, and this will be certified.

Error.                                        *Venire de novo.*