R. W. WHARTON, Adm'r, v. S. S. EBORN and others.

*Deed, latent and patent ambiguity—Parol evidence—Notes and Bonds—Usury.*

1. Parol evidence is admissible to fit the description contained in a deed to the land, where the ambiguity is latent; otherwise, where it is patent.

2. To avoid a bond on the ground of usury, it must be shown to have been illegal *ab initio;* for if good in its creation, it cannot be avoided by any subsequent usurious agreement.

(*Capps* v. *Holt*, 5 Jones' Eq., 153; *D. & D. A.* v. *Norwood*, Busb. Eq., 65; *Hilliard* v. *Phillips*, 81 N. C., 99; *Massey* v. *Belisle*, 2 Ired., 170; *Dickens* v. *Barnes*, 79 N. C., 490; *Moore* v. *Hylton*, 1 Dev. Eq., 429; *Rhodes* v. *Fullenwider*, 3 Ired., 415; *Cobb* v. *Morgan*, 83 N. C., 211, cited and approved).

CIVIL ACTION to foreclose a mortgage, tried at Fall Term, 1882, of BEAUFORT Superior Court, before *Gilliam, J.*

The defendants appealed.

*Mr. C. F. Warren,* for plaintiff.
*Mr. Geo. H. Brown, Jr.,* for defendants.

RUFFIN, J.   This action is brought to foreclose a mortgage, which was given by the defendant, Rowland, to the plaintiff's intestate (D. M. Carter) on the 28th day of May, 1873, to secure a certain debt due by a bond bearing even date with the deed, and payable on the 1st day of June, 1874—the same being registered on the 31st of May, 1873.

In the deed, the land was described as being "a certain parcel of land situate in Beaufort county, in Bath township, on the east side of Bath creek, and on Reedy branch, adjoining the lands of W. L. Tyre, Henry Ormond, and the lands formerly belonging to B. W. Hodges, and containing one hundred and forty acres, it being the same land conveyed by John W. Earle to said Rowland by deed dated May 28th, 1868."

The defendants, Samuel and Benjamin Eborn, have since purchased the land of Rowland, and they allege that they were misled into doing so by the insufficiency of the description contained in the deed, not knowing that it affected the land now sought to be sold, and at the trial they insisted that the deed was void because of the uncertainity in this particular.

For the purpose of identifying the land, the plaintiff introduced as a witness a surveyor, who testified that he had surveyed the lines of the adjoining lands, and knew the tract from hearing its description read from the deed; that no other tract in the county would fit the description given; and that it could not be more accurately described, except by giving its actual metes and bounds.   The reception of this testimony was objected to by the defendants, and constitutes the subject of their first exception.

44

The plaintiff offered in evidence another paper-writing under seal, executed by the defendant, Rowland, on the 4th day of March, 1876, whereby in consideration of the forbearance, on the part of the plaintiff's intestate, to collect the debt secured in the mortgage, by foreclosing the same, he promised to pay him interest thereon at the rate of eight per cent. per annum (the former rate being six per cent.) and to compound the same annually until paid. The defendants insisted that the effect of this agreement was to take away from the plaintiff the right to have any interest upon his debt, and asked the court so to rule, which, however, was refused by the court, and this is the subject of their other exception.

1. If there is any ambiguity in the description of the land, as contained in the deed to plaintiff's intestate, it certainly is not patent upon the face of the instrument. For aught that can be seen from barely reading the paper, it may contain an accurate and complete description of *some* land. If, then, without adding to the terms of the deed, the description can be made, by extrinsic evidence, to fit the particular land in controversy, it is admissible according to all the authorities to do so. *Capps* v. *Holt*, 5 Jones' Eq., 153; *Deaf and Dumb Asylum* v. *Norwood*, Busb. Eq., 65; *Hilliard* v. *Phillips*, 81 N. C., 99. Indeed, it is oftentimes necessary to resort to such evidence, even where the most accurate and minute description is made use of in conveyances.

The case meets fully every requirement of the rule as laid down in *Massey* v. *Belisle*, 2 Ired., 170, and *Dickens* v. *Barnes*, 79 N. C., 490, that every deed must set forth a subject matter, either certain in itself, or capable of being reduced to certainty by a recurrence to something extrinsic, to which the deed refers, since, according to the testimony of the surveyor, the terms used indicate to one acquainted with the water-courses, and the adjoining tracts called for, the very land in question, and could not be made applicable to any other whatsoever.

The authorities cited by plaintiff's counsel in answer to defen-

dants' second exception, are likewise conclusive. To avoid a bond, as being usurious, it must be shown to have been illegal *ab initio.* For if good in its creation, it cannot be avoided by any subsequent usurious agreement. *Moore* v. *Hylton*, 1 Dev. Eq., 429; *Rhodes* v. *Fullenwider*, 3 Ired., 415; *Cobb* v. *Morgan*, 83 N. C., 211.

There is no error, therefore, and the judgment of the court below must be affirmed.

No error.                                                    Affirmed.