Ruffin, C. J.
 

 As the sale and conveyance by the sheriff are to be deemed void in the present state of the case, they are to be put of our consideration, except so far as they may be color of title and enable the defendant to make a title under the statute of limitations. But he cannot do that, because the action was commenced in less than seven years from the defendant’s entry, and, indeed, from the sheriff’s sale. It is clear, then, that the title cannot be in the defendant, and the instruction on that point was erroneous. The title, therefore, must be in Chastien or one of the Higdons ; and unless it be in Leonard Higdon, the plaintiff must recover on the demise of one of the other two persons. The Court holds, that Leonard Higdon has not the title. The deed to him, if delivered absolutely, did not pass the title, for want of registration ; and, therefore, at most, it could only be color of title. Now, supposing that the possession of the defendant may be connected with that of L. Higdon, so as, together, to constitute a sufficient length of a posses* sion, yet it cannot enure to vest the title in L. Higdon, because his possession was never adverse to Chastien, and, indeed, the supposed deed to him never, in point of law, became a deed. He entered orlgiually as vendee under articles, and, of course, that possession was not adverse to his vendor. Its character, however, would be changed by the execution of a deed and its acceptance by him ; and it has been held, that a deed, not otherwise defective, is color of title, though not registered. But it seems impossible to allow that operation to an instru-
 
 *258
 
 znent, which is not only unregistered, but which never took effect as a deed — being merely an escrow and, by the consent of the party, to whom it purported to be made, destroyed by the maker before a final delivery to the par* ty. It is true, there cannot be a delivery to the party himself as an escrow ; and a deed thus delivered is absolute.
 

 It is likewise true, that an unconditional delivery to Coward, as the agent of L. Higdon, would have made the deed complete at once. But there was, in fact, no such unconditional delivery in this case. It is no where laid down as a principle, that a delivery to one, who is the agent of the bargainee, cannot be conditional, but must be absolute, as if the delivery were to the bargainee himself. Nor can that be the law, since, after the bargainor’s refusal to deliver the deed absolutely to the agent of the other party, there is no reason, why the bargainor may not make the same person his agent to take the deed, and deliver it, upon the performance of certain conditions by the other party. There is no repugnancy in such a transaction, as there is, when the delivery is directly* to the party himself; and, therefore, the instrument may be allowed to operate according to the actual intention of the parties, which is always the justice of a case and to be ascertained when the intention is not contrary to law. — • It is plain, then, that this deed was not delivered to Cow. ard, as the agent of Leonard Higdon, but that it was put in his hands, as the agent of Chastien, to be delivered upon getting up the original articles of sale ; and that it never was delivered to L. Higdon, but, when offered, was rejected by him. It was, therefore, no more than an escrow at any time during its existence, and it so continued, by reason of the party’s own refusal to accept on the conditions specified. Now, it cannot be held, or even admitted, that L. Higdon held possession of the premises under the deed, which he had not received, but had thus explietly
 
 *259
 
 rejected ; and tbe very idea of possession under color of title is, that it is a possession taken or held by one under an instrument, which purports to convey, or under which he claims, an estate in the land.
 

 That person never did set up any claim under the deed 5 but, after its execution, as before, his possession was under, and merely subsidiary to, the title of his vendor. The subsequent surrender by him of the possession to the defendant could not affect this point, under any circumstances. But, it is plain, that it proceeded altogether from a mistake of the parties, as to the validity of the sheriff’s sale ; for, if it had.been good in other respects, it would have been effectual under the act of 1812, without regard to the deed from Chastien, as L. Higdon had, before, fully paid for the land and Chastien held^upon a pure trust for him. Whether his title was legal or equitable then, he conceived himself obliged to let the purchaser from the sheriff into possession; and no inference can be drawn from that fact, which can operate one way or the other on the deed. There has not, therefore, been seven, years possession, under color of title, adverse to the lessors of the .plaintiff, and there ought to have been a verdict against the defendant, upon the one demise or the •other.
 

 Pbr Curiam Judgment reversed and
 
 venire de
 
 nova.