BIVINGS v. GOSNELL.

(Filed May 16, 1906).

*Ejectment—Evidence—Handwriting—Experts—Qualifica-
tion—Harmless Error—Declarations—Res Gestae.*

1. It was improper to permit, over objection, a witness to testify as a
   handwriting expert, where the record does not disclose that the
   witness qualified himself as an expert or that he was asked any
   questions tending to qualify him.

2. In an action of ejectment, erroneous admission of certain original
   deeds because not properly proved, does not present reversible
   error where certified copies of these deeds from the registry were
   subsequently introduced in evidence without valid objection and
   the case on appeal does not disclose that they were necessary to
   make out the plaintiff's case, or in what way they worked to
   the injury of the defendant.

3. In an action of ejectment it was not error to allow a witness for
   the plaintiff, who testified· that he rented the land from M. and
   held the same for one year under that lease, to testify further
   that M. said to the witness, at the time of the renting, that he
   was acting for the plaintiff, it being a part of the act of taking
   and holding possession, a part of the *res gestae.*

ACTION of ejectment by Mary M. Bivings and others
against Wm. Gosnell, heard by *Judge W. B. Councill* and a
jury, at the October Term, 1905, of the Superior Court of
POLK. From a judgment in favor of the plaintiffs, the de-
fendant appealed.

*Sol Gallert* for the plaintiffs.
*McBrayer & McBrayer* for the defendant.

HOKE, J. There seems to be some force in the objection
of the defendant to the evidence of the plaintiff's witness,
M. O. Dickinson, who was allowed on the trial to testify to
his opinion of the handwriting of T. F. Birchett, a former

clerk of the Superior Court of Rutherford County, by comparing his signature to the probate of a deed from William Garrett, Jr., to James Morris, dated December 7, 1833, offered in evidence by the plaintiff, with the signature of said Birchett to other records of the court, while he was clerk, which were in evidence in the case and admitted to be genuine, or certainly not denied. The records were such as the law permits to be used for the purpose of a comparison of handwriting. *Tunstall v. Cobb,* 109 N. C., 316. But the witness does not seem to have qualified himself as an expert, or to have been asked any questions tending to qualify him as such. This was very likely done and omitted from the case on appeal by inadvertence, but the record as it now stands does not disclose that it was done, and the admission of the evidence over the defendant's objection was improper.

Objection was also made to another deed from Wm. Garrett to James Morris, dated April 14, 1834, on same ground. While there may have been an erroneous ruling in the admission of these deeds, the same, we think, does not present a reversible error, and for two reasons: First, the plaintiff subsequently offered certified copies of these deeds from the registry of Rutherford County, and while the defendant objected to their admission, and excepted, it is nowhere set out or suggested wherein the copies were defective or improperly admitted. These copies, therefore, being in evidence without valid objection, the error, if any as to the original deeds, became immaterial. Again, the case does not disclose that these deeds were necessary to the plaintiff's case. He was seeking to establish his title by adverse occupation under color, and, so far as appears, there were other deeds and muniments of title amply sufficient to make good his claim by adverse possession and for the requisite length of time. The burden of showing error is on the appellant, and as the case on appeal does not disclose that these deeds were necessary to make out the plaintiff's cause, or in what way they

worked to the injury of the defendant, the verdict and judgment against him will not be disturbed on account of their admission.

Again, it is urged for error that S. C. Cantrell, a witness for the plaintiff who testified that he rented the land from one James Morris and held the same for one year (about 1870) under that lease, was allowed over the defendant's objection to testify further that James Morris said to the witness, at the time of the renting, that he was acting for the plaintiff. This testimony, we think, was competent as accompanying and characterizing the witness's occupation and possession of the property. The declaration of the tenant would be clearly competent for such purpose, and the declaration of Morris made to the tenant, assented to and acquiesced in by him, is equally competent. It was a part of the act of taking and holding possession, a part of the *res gestae.* In 1 Greenleaf on Ev., sec. 108, it is said: "Again the occupation of land is a merely physical act, capable of various interpretations, and may need to be completed by words in order to have legal significance. What a man says when he does a thing shows the nature of his act and is a part of the act; it determines its character and effect. Tenancy is a continuation of acts in a certain relation to another, and declarations during the tenancy by a man that he is a tenant and of a particular person, may be put as a part of the *res gestae* so far as it is necessary to learn the significance of the act." Our own authorities are to like effect. *Shaffer v. Gaynor,* 117 N. C., 15; *Kirby v. Masten,* 70 N. C., 540.

It is sometimes held that declarations characterizing and accompanying possession are only admitted when in disparagement of title, and are only to be sustained on the ground that they are declarations against interest. Greenleaf and other authorities intimate to the contrary. But conceding this to be the correct ground, this evidence is admissible, for the qualification means in disparagement of the declarant's

title. His interest would be to hold as owner, and when he declares, as accompanying his entry or characterizing his possession, that he enters and holds as tenant, this is characterizing an act and giving it its true significance, and is likewise in disparagement of the declarant's title. It will be noted that this declaration was at the very time of the renting, and it also appears, we think, by fair interpretation of the evidence, that the parties were then and upon the land. Certainly nothing is shown to the contrary, and, as we have heretofore stated, the burden is on the appellant to establish error or the results of the trial will not be disturbed.

No Error.