W. M. ANDERSON v. R. C. WALKER.

(Filed 23 December, 1925.)

1. **Limitation of Actions—Adverse Possession—"Color of Title"—Common Source of Title—Evidence—Instructions—Appeal and Error.**

Where in an action to recover lands the plaintiff has introduced evidence tending to show a connected chain of title to a grant from the State, and the defendant does not claim under a common source by adverse possession, with or without color, testimony of a witness as to a conversation between himself and such former owner in possession under the deed, in effect that this former owner had told him he had swapped a piece of his own land for the *locus in quo*, tends to show a completed transaction, and a claim under adverse ownership, and an instruction allowing this evidence to be considered by the jury on the question of permissive user or as a tenant at will only, is reversible error.

2. **Same—Deeds and Conveyances—Consideration—Registration.**

Where a grantee in a deed to lands upon a valuable consideration fails to have it recorded under the provisions of our registration statute (Connor Act), and enters into possession thereunder, such deed does not constitute color of title as against a subsequent grantee of the same lands for a valuable consideration, by a duly registered deed, when the parties are claiming under a common source of title.

3. **Deeds and Conveyances—Registration—Consideration—"Color."**

Where a conveyance of lands is without valuable consideration, the grantee cannot invoke the registration statute (Connor Act) to declare a prior registered deed to the same lands was not "color" of title.

APPEAL by defendant from CHEROKEE Superior Court. *Finley, J.*

Action to recover land. From a judgment in favor of plaintiff, defendant appeals. New trial.

Plaintiff sues to recover a described twelve-acre tract of land, lying between Notla River and the mountain ridge. The boundaries are not in dispute. Defendant is in possession, and the sole disputed questions were the title and the character of defendant's possession.

ANDERSON *v.* WALKER.

*M. W. Bell and D. Witherspoon for plaintiff.*
*Dillard & Hill for defendant.*

VARSER, J. The defendant denies the plaintiff's title and says that his actual possession of the *locus in quo* is rightful. Plaintiff claims title and alleges that the defendant's possession is wrongful.

The agreed case on appeal states:

"Plaintiff introduced a State grant and showed that the grant embraced the lands in question, and made out a chain of title from the State grant to plaintiff. . . . The defendant relied upon adverse possession without color of title for the statutory period; on adverse possession with color of title for the statutory period, and in support of their contentions introduced evidence showing continuous and unbroken possession of the lands in question for the period of time required by the statute to ripen title."

Plaintiff claims title under Grant No. 2476 to G. W. Dickey for tract No. 57, 4th District, containing 153 acres, registered in Book J-10, page 326, dated 11 February, 1863.

The plaintiff claims under devisees in the will of G. W. Dickey, deceased, through one, William Anderson, whose deed is dated 1 June, 1922, and the evidence tended to show that it covered the 12 acres in controversy.

The defendant, however, did not offer to connect himself with the grant to G. W. Dickey, but offered the deed from W. H. Anderson to Carrie Owenby, dated 15 July, 1911, registered 11 February, 1916, and from Owenby and wife to defendant, dated 25 April, 1917, registered 8 August, 1917; also his deed to Center and Abernathy, and from Center and Abernathy to defendant, dated 14 November, 1922.

The defendant contended that he and those under whom he claims had been in the continuous adverse possession of the *locus in quo* for more than 20 years, and that under the Owenby deed, he had been in continuous adverse possession since its date, 25 April, 1917, and that Owenby had been in possession since the date of the Anderson deed to him, 15 July, 1911, and that, although, the Anderson-Owenby deed was not registered until 11 February, 1916, it was color of title prior to its registration.

We find it necessary to consider only one group of defendant's exceptions. One, Mull, was called by plaintiff, in rebuttal, and testified that he knew W. H. (Harvey) Anderson, under whom defendant claimed, and that he was acquainted with the *locus in quo,* and knew its boundaries and knew it while Anderson was cultivating it. This witness was then asked the following question:

"Q. What statement did Harvey Anderson make to you while he had that little bottom in corn? A. We were just talking along. He already owned that upper part and he was talking about swapping to Mr. Dickey and getting that lower piece and said he swapped off a piece of his land at the family graveyard and said he had a right nice little place over there and wanted to sell it to me."

The defendant in apt time objected to both question and answer, but the evidence was permitted.

The court charged the jury, among other things, that, "if you find that W. H. Anderson was there under a verbal contract to trade and stayed there under that agreement that would not be adverse possession; that would be possession by consent of the real owner, and he would be a tenant at will of the real owner, Dickey, and it would not be adverse until he did some act, to establish possession that would be entirely antagonistic to the true owner."

The "little bottom" referred to is the *locus in quo.* This 12 acres is formed by a ridge which bends out into the 153-acre Dickey tract and cuts off some 12 acres between the top of the ridge and the waters of Notla River.

The defendant contends that he was prejudiced by the admission of this statement, and also by the use which the court below allowed the jury to make of this statement.

We are of opinion that, inasmuch as this evidence does not tend to characterize the possession (*Nelson v. Whitfield,* 82 N. C., 46; *Bivings v. Gosnell,* 141 N. C., 341; *Steadman v. Steadman,* 143 N. C., 350) of Anderson as holding as permissive tenant of Dickey, but purports to recite an executed transaction, wherein there had been a swap, or trade, of lands, it was incompetent, for that parol evidence of a conveyance of land cannot, under the instant circumstances, be admitted over a timely objection. *Locklear v. Paul,* 163 N. C., 338. It was not an effort to describe the lands or to designate it as being the "Dickey land," and it did not tend to show an executory contract, by which Anderson was to receive, if he complied with the terms thereof, later, a conveyance.

We, also, hold that if this evidence be competent, that it shows that Anderson was claiming the property as his own against Dickey and all the world, and, therefore, his possession was not permissive but was adverse. *Woods v. Coal Co.,* 84 Ala., 560; *Newsome v. Snow,* 91 Ala., 641, 24 A. S. R., 934, 1 R. C. L., 751; *Gossom v. Donaldson,* 68 Am. Dec., 723; *Kern v. Howell,* 180 Pa. St., 315; *Valentine v. Cooley,* 33 Am. Dec., 166; *Wilkinson v. Bottoms,* 174 Ala., 122; *Tenn. Coal, Iron & R. R. Co. v. Linn,* 123 Ala., 112; *Martin v. R. R.,* 83 Maine, 100; *Jermyn v. McClure,* 195 Pa. St., 245; *Bartlett v. Secor,* 56 Wis., 520; *Quigg v. Zeugin,* 82 Conn., 437.

In the light of the statement in the agreed case on appeal, that the parties do not claim under a common source, the charge of the court permitting the jury, with this parol evidence, to connect the defendant with a common source and to convert Anderson's possession into possession under Dickey, was erroneous.

It appears from the record that the parties do not claim under a. common source, and the rule as to color of title set forth in *Collins v. Davis,* 132 N. C., 111, applies. *Mr. Justice Connor,* the author of the Connor Act, speaking for a unanimous Court, says: "Where one makes a deed for land for valuable consideration and the grantee fails to register it, but enters into possession thereunder and remains therein for more than 7 years, such deed does not constitute color of title and bar the entry of a grantee in a subsequent deed for a valuable consideration who has duly registered his deed." In *Collins v. Davis, supra,* the Court was distinguishing between the rule in *Austin v. Staten,* 126 N. C., 783, and reaffirmed in *Lindsay v. Beaman,* 128 N. C., 189, which stated that an unregistered deed is not color of title, and limited the rule in *Austin v. Staten, supra,* to apply in favor of creditors and subsequent purchasers for a valuable consideration from a common source. Hence, the converse is true that, unless the subsequent purchaser has paid a valuable consideration (*King v. McRackan,* 168 N. C., 621), he cannot invoke the Connor Act to declare that his adversary's unregistered deed is not color of title.

For the reasons indicated herein there must be a
New trial.