ANNIE MAE HOGAN DUCKETT, JULIA HOGAN BALDWIN, BESSIE HOGAN MITCHELL, WILLARD A. HOGAN, MORRIS G. HOGAN, AND LEO HOGAN, HEIRS AT LAW OF BERTIE HOGAN LYDA, DECEASED, v. FRED W. LYDA.

(Filed 22 September, 1943.)

**1. Deeds §§ 11, 12: Boundaries § 3a—**

It is presumed that a grantor in a deed intended to convey something, and the deed will be upheld unless the description is so vague or contradictory that it cannot be ascertained what thing in particular is meant.

**2. Deeds § 12: Boundaries § 3a—**

The description in a deed must identify the land or furnish the means of identifying it under the maxim *id certum est quod certum reddi potest.*

**3. Deeds § 12: Boundaries § 3e—**

When the description is not sufficient in itself to denote the land conveyed, resort may be had to extrinsic evidence. But evidence *dehors* the deed is admitted to "fit the description to the thing" only when it tends to explain, locate, or make certain some call or descriptive term used in the deed.

**4. Partition § 10: Tenants in Common § 3: Husband and Wife § 11—**

An exchange of deeds by tenants in common, where the purpose is clearly partition, does not create or confer upon the parties any new or different title; and where a husband, in such a partition, is made a joint grantee with his wife he acquires no title.

**5. Ejectment § 14—**

> In ejectment evidence that a party is or has been in possession, or went into possession of the premises is admissible.

APPEAL by defendant from *Blackstock, Special Judge,* at March Term, 1943, of BUNCOMBE. Affirmed.

Civil action in ejectment.

Bertie Hogan, daughter of J. A. Hogan, married the defendant, and subsequent thereto died without having had a child born to the marriage. The plaintiffs, her brothers and sisters, are her heirs at law.

The plaintiffs allege that at the time of her death she was seized and possessed of three several parcels of land. The defendant is in possession of said land ·described in the complaint, and the plaintiffs bring this action to recover possession thereof.

On 21 August, 1920, J. A. Hogan executed and delivered to Bertie Hogan, then unmarried, a deed containing the following description:

"Situate, lying and being in State of North Carolina and in County of Buncombe, on Sweed Creek, and bounded and more particularly described as follows:

."Beginning on a stake in the center of the public road in G. W. Vanderbilt and Mitchell Taylor line. Thence North with the center of the public road twenty-three poles to a stake in the center of the public road. Thence West fourteen poles and ten feet to a stake in J. A. Hogan's line. Thence South with J. A. Hogan's line to the BEGINNING. Containing one acre."

This is the first tract described in the complaint.

Charles Hogan, one of the children of J. A. Hogan, died intestate, never having married. Plaintiffs and Bertie Hogan Lyda were his heirs at law. At the time of his death he was seized and possessed of a four-acre tract of land. Plaintiffs and Bertie Hogan Lyda subdivided said tract of land and on 27 August, 1932, they, with the joinder of their respective spouses, interchanged deeds so that each became seized and possessed in severalty of one share of the subdivision. These conveyances are, in form, deeds of purchase and sale with full covenants of warranty. Lot No. 2 of the subdivision was conveyed to Bertie Hogan Lyda and husband, Fred W. Lyda, the defendant. This is the second tract described in the complaint.

As to the third tract described in the complaint, the plaintiffs, during the trial, submitted to judgment as in case of nonsuit.

When the cause came on to be heard in the court below the parties waived trial by jury and agreed that the judge should hear the evidence, find the facts, and render judgment thereon. The court below, being of the opinion that the description in the J. A. Hogan deed was sufficiently

definite to admit of parol evidence to fit the description to the land conveyed, admitted such testimony and found as a fact that the land claimed by the plaintiffs was conveyed thereby and that they are now the owners and entitled to the possession thereof. It likewise concluded from the evidence offered that the deeds to the Charles Hogan tract, interchanged by the plaintiffs and Bertie Hogan Lyda, were in fact partition deeds and that the defendant took no title to Lot No. 2 by virtue of the fact that he was named as grantee in the deed thereto. Judgment was entered accordingly.

To the decree adjudging that the plaintiffs are the owners and entitled to the possession of the two said tracts of land and assessing damages for the wrongful detention thereof the defendant excepted and appealed.

*James E. Rector for plaintiffs, appellees.*

*J. W. Haynes for defendant, appellant.*

BARNHILL, J. While there are numerous exceptions in the record they present only two questions for decision: (1) Is the description in the J. A. Hogan deed to Bertie Hogan too vague and indefinite to admit of extrinsic evidence to fit the description to the land intended to be conveyed; and (2) is defendant, as surviving tenant by entirety, seized of the second tract—Lot No. 2 of the Charles Hogan land?

It is presumed that the grantor in a deed of conveyance intended to convey something, and the deed will be upheld unless the description is so vague or contradictory that it cannot be ascertained what thing in particular is meant. *Proctor v. Pool,* 15 N. C., 370; *Lee v. Barefoot,* 196 N. C., 107, 144 S. E., 547.

But this intent must be ascertained from the description contained in the deed, which must set forth a subject matter, either certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which the deed refers. *Massey v. Belisle,* 24 N. C., 170; *Wharton v. Eborn,* 88 N. C., 344; *Peel v. Calais, post,* 368. The description must identify the land or furnish the means of identifying it under the maxim *id certum est quod certum reddi potest. Dickens v. Barnes,* 79 N. C., 490; *Self Help Corp. v. Brinkley,* 215 N. C., 615, 2 S. E. (2d), 889, and cases cited; *Peel v. Calais, supra.*

When the description is not sufficient in itself to denote the land conveyed resort may be had to extrinsic evidence if the deed furnishes the means of identification. *Kea v. Robeson,* 40 N. C., 373; *Harrell v. Butler,* 92 N. C., 20; *Self Help Corp. v. Brinkley, supra; Peel v. Calais, supra.*

But evidence *dehors* the deed is admissible to "fit the description to the thing" only when it tends to explain, locate, or make certain some

call or descriptive term used in the deed. It is the deed that must speak. The oral evidence must only interpret what has been said therein. *Self Help Corp. v. Brinkley, supra,* and cases cited.

Adverting to the description in the J. A. Hogan deed, in the light of these principles, we are of the opinion that it contains calls and references sufficient to make it susceptible of identification. It may be made definite and certain by evidence *dehors* the deed. This we think the plaintiffs have done.

The calls are for natural boundaries—the road and J. A. Hogan's line—and, if the beginning point is ascertainable, they are such as to describe a tract of land triangular in shape.

The beginning point is "on a stake in the center of the public road in G. W. Vanderbilt and Mitchell Taylor line." Plaintiffs offered evidence tending to show that Vanderbilt owned land on the east side of the public road and Taylor owned property on both sides. The Vanderbilt line crosses or intersects the Taylor line in the public road. "The Vanderbilt and Taylor line crosses the public road where it comes into a V-shape, the Taylor line running this way and the Vanderbilt line comes to the corner and makes a perfect square. The Taylor line runs right into it and goes on into the woods." Hence a stake here in the public road where these lines intersect is in both lines. It is a definite, certain, and ascertainable point.

The evidence likewise locates the J. A. Hogan line. The beginning point and the Hogan line being established, as found by the court below, the calls are definite and enclose the first tract as claimed by the plaintiffs. Furthermore, the defendant's wife went into possession under the deed and made improvements thereon, claiming it as her own.

There is ample evidence in the record to sustain the finding of the court below that the deeds interchanged by the heirs of Charles Hogan for parcels of his land were in fact partition deeds. This being true the conclusion that the defendant took nothing under the deed to him and his wife for the share allotted to her is clearly in accord with the decisions of this Court. The subject was fully discussed, with the citation of numerous authorities, at the last term of this Court. *Wood v. Wilder,* 222 N. C., 622. Repetition at this time would be supererogatory.

In ejectment, evidence that a party is or has been "in possession" or "went into possession" of the premises is admissible. *Bryan v. Spivey,* 109 N. C., 57, 13 S. E., 766; *Berry v. McPherson,* 153 N. C., 4, 68 S. E., 892; *Cross v. R. R.,* 172 N. C., 119, 90 S. E., 14. Defendant's exceptions to this type of evidence offered by plaintiffs cannot be sustained.

We have examined the other exceptive assignments of error. They fail to point out any substantial error in the trial.

The judgment below is

Affirmed.